STATE OF NORTH CAROLINA v. GEORGE RICO RAY

No. 8418SC148

(Filed 6 November 1984)

1. **Constitutional Law § 30; Bills of Discovery § 6— failure to conduct in camera examination of prosecution's file**
    The trial court did not err in failing to conduct an *in camera* examination of the prosecution's file to determine whether the file contained a prior inconsistent statement by a State's witness to the police which defense counsel allegedly had seen in the file where the prosecutor stated that the State had no such statement, the witness denied making such a statement to the police, and nothing in the record substantiated defendant's claim that evidence favorable to him was suppressed.

2. **Criminal Law § 89.2— corroboration of witness—showing of other unauthorized transactions**
    In a prosecution for obtaining property by false pretense by the unauthorized use of a credit card, the trial court did not abuse its discretion in permitting the State to corroborate the card owner's testimony by introducing a summary of charges to her account which showed unauthorized transactions in addition to the ones at issue where the State presented no evidence connecting defendant with any transaction on the summary other than the ones for which he was being tried.

    Judge WELLS dissenting.

APPEAL by defendant from *Hairston, Judge*. Judgment entered 8 March 1983 in Superior Court, GUILFORD County. Heard in the Court of Appeals 16 October 1984.

Defendant was convicted of false pretenses and was sentenced to six years imprisonment. From the judgment entered he appealed.

*Attorney General Rufus L. Edmisten, by Assistant Attorney General Thomas B. Wood, for the State.*

*Appellate Defender Adam Stein by James R. Glover, Director, Appellate Defender Clinic, for defendant appellant.*

HILL, Judge.

In relevant part, the evidence for the State tended to show that on 3 November 1981, a man and two women entered the Record Bar at Four Seasons Mall in Greensboro. The sales clerk, William Cook, testified that the man made two separate purchases totaling $58.76 and paid for them with a Visa credit card issued in the name of Carrie Steele. The clerk did not call for authorization to charge the purchases nor did he ask for identification because the amount involved was small.

In addition to the Record Bar transactions, which were the subject of the indictment, the State offered evidence that on the same day a man and two women used the same Visa card to make a second set of purchases at Webster's Menswear, a clothing store in Four Seasons Mall. In those transactions State's evidence showed that one of the two women presented the card to the clerk to pay for the purchases and signed the slip.

Carrie Steele, a resident of Columbia, South Carolina, owned the Visa card used to make the described purchases. When she received a statement dated 11 November 1981 for charges on her Visa that she had not made, she reported her card as lost or stolen. At trial Carrie Steele testified that she had last seen her credit card in October at a department store in Columbia, South Carolina, that she had not made the purchases at the Record Bar or Webster's Menswear and that the signature on the charge slips was not hers.

After Carrie Steele reported the missing card, Atlantic States Bank Card Association, a processing center for bank credit cards, began an investigation. On 21 December 1981, investigators showed a photo array to William Cook who identified the defendant as the man who made the Record Bar purchases with the Visa card issued to Carrie Steele. The Webster's Menswear clerk and assistant manager similarly identified defendant from a photo array as the man with the two women when the 3 November 1981 purchases were made at their store. At trial the State offered into evidence the 11 November 1981 statement of charges to Carrie Steele's Visa account which showed a series of unauthorized transactions in addition to the ones at Record Bar and Webster's Menswear.

[1] Defendant assigns as error that the trial court failed to order the State upon request by defense counsel to produce for defendant's inspection, or in the alternative inspection by the court *in camera*, a portion of the State's file which allegedly contained the transcription of a prior inconsistent statement made by a witness for the State. Defendant claims they needed the requested material so that they could properly impeach the State's witness.

At trial William Cook testified for the State concerning the 3 November 1981 purchases allegedly made by the defendant. He testified that it was the defendant who presented the card for payment and the defendant who signed the sales slip. Counsel for the defendant claimed that some months before trial and in preparation for trial he had viewed a case summary prepared by the Greensboro Police Department and given him by the prosecution. Counsel claimed that he had made notes from the summary indicating that Cook had told investigators that the "girlfriend" was the one using the Visa and she had signed the slip.

On voir dire defense counsel asked the State to produce for the court's inspection any prior statements in their possession made by William Cook. The State responded that they had no prior statements recorded or written of Mr. Cook. Further, Cook testified that he had not talked to any member of the Greensboro Police Department about the transaction. The court responded, "unless you (defense counsel) can show that [the prosecutor] is not telling me the truth, in which case you've entered a very serious

accusation against an officer of this Court, I'm going to deny your motion."

Upon specific request the prosecutor is constitutionally required to disclose at trial evidence that is favorable and material to the defense. *Brady v. Maryland*, 373 U.S. 83, 10 L.Ed. 2d 215, 83 S.Ct. 1194 (1963); *U.S. v. Agurs*, 427 U.S. 97, 49 L.Ed. 2d 342, 96 S.Ct. 2392 (1976). In *State v. Hardy*, 293 N.C. 105, 235 S.E. 2d 828 (1977), our Supreme Court held that in North Carolina, the court should view the requested evidence *in camera* to determine if it is material and favorable. If the court determines the requested evidence is relevant and competent it is made available to defendant. If the court after the *in camera* examination rules against the defendant and his motion, the court should order the sealed statement placed in the record for appellate review. *Hardy, supra* at 128.

In the present case, we find that the court's rulings on defendant's requests for production of evidence were not in error. The court did all that it could reasonably do to ascertain if the material requested by defendant existed. *State v. Pinch*, 306 N.C. 1, 292 S.E. 2d 203, *cert. denied*, 459 U.S. 1056, 74 L.Ed. 2d 622, 103 S.Ct. 474 (1982), *reh'g denied*, 459 U.S. 1189, 74 L.Ed. 2d 1031, 103 S.Ct. 839 (1983). Nothing in the record substantiates defendant's claim that evidence favorable to him was suppressed. Defendant has made no showing of prosecutorial misbehavior nor has he presented any evidence that State's witness, William Cook, changed his story in court. On the basis of the record we cannot say that the requested material even existed. Absent some proof that the requested statement existed and was improperly suppressed at trial, this Court must affirm the ruling of the trial court.

[2] Next defendant contends that the trial court erred when it admitted into evidence the summary of charges made to the Visa account which recorded unauthorized transactions other than the ones at issue. At trial Carrie Steele testified that when she received the monthly summary of charges made on her Visa card she noticed that it listed unauthorized charges. She then reported her card lost or stolen.

The State offered the summary of charges containing the unauthorized transactions in corroboration of Carrie Steele's testimony. Defendant objected claiming that because the summary

contained evidence of a series of unauthorized transactions which took place after the card left Carrie Steele's possession its admission into evidence would improperly suggest defendant was responsible for additional crimes.

The trial judge has discretion to control how far the parties may go in corroborating witnesses in collateral matters. *State v. White*, 307 N.C. 42, 296 S.E. 2d 267 (1982). A ruling by the trial court on an evidentiary point is presumptively correct and counsel asserting prejudicial error must demonstrate that the particular ruling is in fact incorrect. *State v. Milby and State v. Boyd*, 302 N.C. 137, 273 S.E. 2d 716 (1981).

In the present case, the record is devoid of any indication that the court abused its discretion. When defendant objected to the admission of the evidence, the court held a voir dire where they decided that the summary would be admitted into evidence with a limiting instruction. The State entered the summary into evidence and the court cautioned the jury to consider it only for the purpose of corroborating Carrie Steele's testimony. The record shows the State presented no evidence connecting defendant with any transaction on the summary other than the ones at Record Bar and Webster's Menswear. Because we find the State presented no evidence that the defendant committed other crimes we affirm the ruling of the trial court.

Defendant also complains that testimony by an investigator for the credit card company improperly suggested that defendant committed crimes not charged. The investigator testified that during his investigation to determine who was wrongfully using Mrs. Steele's credit card, he talked to numerous merchants requesting they describe the Visa card user. Defendant objected to the testimony and the court instructed the witness to confine his remarks to the transactions at issue.

The court allowed the witness to testify only about the transactions at Record Bar and Webster's Menswear. No witness testified that defendant was connected with any other fraudulent transactions. We fail to see how this testimony improperly prejudiced the defendant.

For the reasons enunciated herein, we find the defendant to have had a fair trial, free from prejudicial error.

No error.

Judge ARNOLD concurs.

Judge WELLS dissents.

Judge WELLS dissenting.

In am persuaded that defendant was entitled to have the trial court conduct an *in camera* examination of the prosecution's file to determine if the exculpatory statement alleged by defendant to have been seen previously by defendant's counsel was in the file.

Additionally, I am persuaded that the trial court erred in allowing the state to "corroborate" Ms. Steele's testimony as to the unauthorized charge against her credit card defendant was tried for by introducing a long list of other unauthorized charges not connected to defendant.

I vote for a new trial.